UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| J. CHAPPELL DEW, TERESA S. DEW, and LINLEY S. DEW, | Civil Action No.: 4:09-cv-1573-TLW-TER |
| Petitioners, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, BRANCH BANKING & TRUST COMPANY, DOUGLAS SHULMAN, Commissioner of Internal Revenue, and BECKY McCLELLAND, Revenue Officer, | |
| Respondents. | |

Presently before the Court is Respondents' Motion to Dismiss (Document # 13). Petitioners are proceeding pro se. Thus, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This Report and Recommendation is entered for review by the District Judge.

On August 11, 2009, Petitioners filed a Petition to Quash Third Party Summons (Document # 1). The summonses were issued to Branch Banking & Trust Company by Revenue Officer Rebecca McClelland and sought production of documents that may assist in collecting unpaid federal employment taxes of Dew Company, Inc. Petitioners assert that the summonses contain numerous procedural and substantive defects and argue that these defects render the summonses invalid.

Subsequent to the filing of the Petition, McClelland determined that she already had the information she needed and the documents requested pursuant to the summonses were no longer

necessary for her collection efforts.  McClelland Dec. I ¶ 3; McClelland Dec. II ¶ 5.[1]  Accordingly, she withdrew the summonses issued to Branch Banking & Trust Company.  McClelland Dec. I ¶ 3; Ex. 1 to McClelland Dec.

Respondents filed the present Motion to Dismiss for lack of jurisdiction because the issue raised in the Petition is now moot.  The jurisdiction of federal courts to decide cases is limited by the requirement set forth in Article III, § 2 of the Constitution that a case or controversy exist, and a case is moot if that requirement is not satisfied. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Thus, "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (citation omitted). Mootness can arise at any stage of the litigation. Calderon v. Moore, 518 U.S. 149, 150 (1996).  Because the summonses at issue have been withdrawn, no case or controversy exists and the Petition should be dismissed for lack of jurisdiction. See, e.g., Dame v. United States, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) ("[b]ecause the summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to quash must be denied'); Dollar v. United States, 1985 WL 6009, at * 1 (W.D. Wash. March 5, 1985)

---

[1]In her first Declaration, McClelland avers that, subsequent to the filing of the Petition, Petitioners provided her with information which rendered the summonses unnecessary. McClelland Dec. I ¶ 3.  In their Response, Petitioners assert that this statement is false and that no one provided McClelland with any information after the filing of the Petition.  In her second Declaration, McClelland asserts that, after reviewing her files, she determined that she already had the information in her possession prior to the filing of the Petition but did not realize that the summonses were unnecessary until after the filing of the Petition.  McClelland Dec. II ¶ 5.  While Petitioners concede that the issue raised in their Petition is now moot, they oppose the Motion to Dismiss based upon the misstatement made by McClelland in her first declaration, arguing "Respondents should be admonished for these antics in misleading the court as to the actual circumstances in this matter."  Response p. 3.  The error in McClelland's first Declaration is immaterial.  Further, as discussed above, because the Petition to Quash is moot, this court lacks jurisdiction in this action.

(summons withdrawn so petition is moot); Kearns v. United States, 580 F. Supp. 8 (S.D. Ohio 1983) ("as the respondent has withdrawn the first summons, there is no longer a case or controversy for this Court to adjudicate with respect to the first summons"). See also Malone v. IRS, 237 F.2d 54, 55 (6th Cir. 1956) (when, during appeal, summons was withdrawn, appellate court remanded case to district court to vacate order and dismiss petition to quash as moot).

Accordingly, it is recommended that Respondents' Motion to Dismiss (Document # 13) be granted, the Petition to Quash (Document # 1) be dismissed as moot and this case be dismissed in its entirety.

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

January 20, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**